HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELLEN M MCCRACKEN,

        Plaintiff,

  v.

SHAPIRO & SUTHERLAND LLC, et al.,

        Defendants.

CASE NO. C17-1596RBL

ORDER

THIS MATTER is before the Court on *pro se* Plaintiff McCracken's Motion to Proceed *in forma pauperis* [Dkt. #1] and on her Motion for Order of Service by the U.S. Marshall [Dkt. #14]. McCracken has since paid the filing fee, and her IFP application is thus moot. It is therefore DENIED.

McCracken's Motion for Service is also DENIED, as she does not have *in forma pauperis* status. *See* 28 U.S.C. §1915. Furthermore, and in any event, the IFP application would have been denied. It facially fails to state a plausible claim, and fails to identify the basis for this Court's jurisdiction over the subject matter or the defendants.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad

discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless **contain factual assertions sufficient to support a facially plausible claim** for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (emphasis added). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A federal court may dismiss *sua sponte* under Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is

frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction. Jurisdiction is a threshold issue that must be raised *sua sponte*. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). A federal court must have subject matter jurisdiction, which can be established by either the existence of a federal question or complete diversity of citizenship of the parties. 28 U.S.C. § 1331 and 1332. A court is presumed to lack subject matter jurisdiction until a plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). *See also Terwilleger v. Soriano*, No. C17-5624 RJB, 2017 WL 3424925, at *3 (W.D. Wash. Aug. 9, 2017).

McCracken's complaint is facially frivolous. It is impossible to comprehend, and no reader (or defendant, or court) can possibly discern what she is actually complaining about: Who did what that harmed her, when, where, why, and how? Why that is actionable under some law, in this court? What is the basis of this Court's jurisdiction over the subject matter or the parties?

McCracken's complaint answers none of these basic inquiries. It instead consists mostly of long lists of case names and statutes and (questionable) legal principles. There is a cryptic reference to a prior (ongoing?) Oregon state court litigation that may involve some of the same parties, and it appears that she seeks to sue the judge in that case, here. But the actual facts of the underlying dispute or claim or problem are not included.

Such claims are insufficient as a matter of law. First, this Court cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi*

1 | *Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). [W]hen a losing plaintiff in state court brings a
2 | suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the
3 | state court and seeks to vacate or set aside the judgment of that court, the federal suit is a
4 | forbidden *de facto* appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v.*
5 | *Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

Second, the doctrine of judicial immunity has a long and consistent history. Indeed, it has been called "a seemingly impregnable fortress in American Jurisprudence." *Pierson .v Ray*, 386 U.S. 547, 554 (1967). Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. *Pierson v. Ray*, 87 S.Ct. at 1218 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). *See also Harlow v. Fitzgerald*, 457 U.S. 800, 815-819 (1982) (allegations of malice are insufficient to overcome qualified immunity). Thus, this court will not review the Oregon state court decisions, and McCracken cannot sue here the judge in that case for decisions he made there.

It does not appear that McCracken can plausibly state a claim arising out of the Oregon state law case, or against the Oregon Judge(s) in that case. Nevertheless, in lieu of outright dismissal on the grounds outlined above, the Court will instead **ORDER** McCracken to file a dramatically revised **AMENDED COMPLAINT** addressing the above deficiencies within **21 days** or this matter will be **DISMISSED** without further notice. If any amended complaint does

not address and remedy these deficiencies, the case will similarly be **DISMISSED** without further notice.

IT IS SO ORDERED.

Dated this 3rd day of November, 2017.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge