HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELLEN M MCCRACKEN,

    Plaintiff,

v.

SHAPIRO & SUTHERLAND LLC, et al.,

    Defendants.

CASE NO. C17-1596RBL

ORDER DENYING MOTION TO RECUSE

THIS MATTER is before the Court on *pro se* Plaintiff Ellen McCracken's Motion to Recuse, contained within her proposed amended complaint filed in support of her motion for leave to proceed *in forma pauperis*. [Dkt. #19].

McCracken filed the proposed amended complaint in response to the Court's prior Order denying her motion for leave to proceed *in forma pauperis*, which attempted to explain in plain English the deficiencies in her first attempt. The new filing names Ronald B. Leighton as a defendant in the case, and buried in the proposed complaint is a demand that he recuse himself from hearing this case:

**UPON MY SWORN STATEMENT**

Judge Robert D. Leighton is DISQUALIFIED and "SHALL PROCEED NO FARTHER," due to irrational *Bias & prejudice* of a judge that has already harmed this case by a.) unnecessary burden, b.) false interpretation of law, c.) intentional or incompetent delay, d.) and intentional infliction of emotional distress by his;

- personal slander upon McCracken's abilities TO PROCEED; after he denies her mandatory "legal assistance" under 42 USC § 3002(33) evidenced by HIS
- failures to apply a reasonable & logical analysis to this <u>TITLE 42 PUBLIC HEALTH AND WELFARE CASE</u> and
- repeated irrational abusive & deceitful language of his Orders docketed 11/03/2017 & 11/30/2017 that violate;

"LCR 1 SCOPE AND PURPOSE; DEFINITIONS; **PROHIBITION OF BIAS**

"(a) Purpose These rules should be interpreted so as to be **consistent with the Federal Rules** and to promote the just, ...... determination of every action and proceeding.

(d) **Prohibition of Bias Litigation**, inside and outside the courtroom in the United States District Court for the Western District of Washington, **must be free from prejudice and bias in any form. Fair and equal treatment must be accorded all ....** The duty to be respectful of others includes the responsibility to avoid comment or behavior that can reasonably be interpreted as manifesting prejudice or bias ..."

The Language of Judge Leightons Order(s) *supra* Is

Extra-judicial; as his instructions are outside of the rule of law

**WHERE**

Basic respect, reason & logic are withheld from McCracken; as Leighton personally refuses to notice her original complaint by ordering her <u>to leave the law out of her complaint</u> and further disparages the veracity of her reports / complaint while, ordering her to (sic) 'tell him a "story"' instead.

**THIS DEMONSTRATED BIAS & PREJUDICE INDICATES**

**THAT**
{Mr. Leighton & his law clerk}
Have Not Yet Mastered the Requisite Knowledge Base
of
CFR TITLE 42 PUBLIC HEALTH AND WELFARE
*NOR*
CFR TITLE 28 THE JUDICIARY & JUDICIAL PROCEDURE
*NOR*
CONSTITUTIONAL LAW 101
*OR*
The Wisdom Necessary to Administer Justice in Such Cases

**THEREFORE**
Mr. Leighton Must Recuse Himself
Upon His Repeated Irrational Bias & Prejudice
&
Demonstrated Lack of Respect for Another Professional
&
Personal bias against a disabled elderly female
&
Lack of Knowledge of the Subject Matter
BY
Demonstrated Incompetence to Adjudicate these matters
AS
Mr. Leighton Has No Choice in The Matter

[Dkt. #16-17]

A federal judge should recuse himself if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." 28 U.S.C. § 144; *see also* 28 U.S.C. § 455; *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This objective inquiry is concerned with whether there is the appearance of bias, not whether there is bias in fact. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *see also United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). ). In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient" to establish bias. *Davis v. Fendler*,

650 F.2d 1154, 1163 (9th Cir. 1981). Judicial rulings alone "almost never" constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

McCracken has loudly alleged personal bias, but has articulated no facts that would lead a reasonable person to believe it exists. She is instead displeased that her first complaint was not deemed sufficient to entitle her to in forma pauperis status. But that is a decision made in this case, and that is not a basis for recusal.

The Court will not recuse itself voluntarily based on McCracken's filing. The Motion to Recuse is DENIED. Under LCR 3(e), this Matter is referred to Chief Judge Martinez for review.

IT IS SO ORDERED.

Dated this 15th day of December, 2017.

Ronald B. Leighton
United States District Judge