UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELLEN M. McCRACKEN<br><br>Plaintiff,<br><br>v.<br><br>SHAPIRO & SUTHERLAND, LLC, *et al.*<br><br>Defendants. | CASE NO. C17-1596 RBL<br><br>ORDER ON REVIEW OF REFUSAL TO RECUSE |

THIS MATTER came before the Court on *pro se* Plaintiff Ellen McCracken's Motion to Recuse, which was contained within her proposed Amended Complaint filed in support of her motion for leave to proceed *in forma pauperis*. Dkt. #19. Ms. McCracken filed the proposed Amended Complaint in response to the Court's prior Order denying her motion for leave to proceed *in forma pauperis*. In her proposed Amended Complaint, she names the presiding Judge, the Honorable Ronald B. Leighton, as a Defendant, and demands that he recuse himself. *Id.* After review of the document, Judge Leighton declined to recuse himself. Dkt. #20. In accordance with the Local Rules of this District, the matter was then referred to the Undersigned for review. LCR 3(e).

In her Amended Complaint, Plaintiff sets forth a lengthy "Notice of Disqualification" of Judge Leighton, wherein she asserts that Judge Leighton is working to delay justice and "confuse"

ORDER ON REVIEW OF REFUSAL TO RECUSE- 1

her. Dkt. #19-2. She appears to take issue with Judge Leighton's Order asking her to amend her complaint. She argues that she has head injuries that do not allow her to edit her complaint because to do so would ruin the integrity of "her story," and that it would cause her too much emotional distress. She then asks that the Court "return" her case to Judge Pechman in Seattle. *Id.*

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id.* at 555.

Plaintiff cites no evidence which would support a finding of impartiality, prejudice or bias on Judge Leighton's part. It is clear she believes that Judge Leighton's directive to amend her

complaint has caused her some harm.  Plaintiff is entitled to appeal any rulings she believes to be in error, but she may not properly seek recusal of the presiding judge on those grounds.  A judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties.  Bias is almost never established simply because the judge issued adverse rulings against a party.

In order to overcome this presumption, Plaintiff would have to show that facts outside the record influenced decisions, or that the judge's rulings were so irrational that they must be the result of prejudice.  Plaintiff does not allege any facts outside the record that improperly influenced the decisions in this matter.  Accordingly, the Court finds no evidence upon which to reasonably question Judge Leighton's impartiality and AFFIRMS his denial of Plaintiff's request that he recuse himself.

The Clerk SHALL provide copies of this Order to Petitioner, all counsel of record, and to Judge Leighton.

Dated this 21st day of December 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE