HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELLEN M MCCRACKEN,

    Plaintiff,

  v.

SHAPIRO & SUTHERLAND LLC, et al.,

    Defendants.

CASE NO. C17-1596RBL

ORDER

THIS MATTER is before the Court on Plaintiff McCracken's "Dramatically Amended Proposed Complaint" in support of her application to proceed *in forma pauperis* [Dkt. # 21] and on McCracken's Motion for Relief from Fraud and Emergency Injunctive Relief [Dkt. # 22]

The latter motion asks this court to "restore her only financial asset (apparently, historic private residential property in Oregon), and implicitly suggests that there is some final order (apparently regarding the foreclosure of that property) in an Oregon Court that she claims was wrongly decided. There is not a final order in *this* case and it is wholly unclear what order she asks this court to vacate or otherwise relieve her from.

It is clear, however, that this Court is not an appellate court. It cannot and will not review decisions of other courts, and Rule 60 does not give it the power to vacate the decision of some

other court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005). [W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

The Motion for Relief from some unspecified fraud allegedly committed in another proceeding is DENIED. A Motion to correct such conduct is properly addressed to the court where it occurred, or to an appropriate appellate court after an appeal of the adverse judgment.

McCracken's proposed amended complaint is 117 pages long. It purports to plausibly articulate the "who what when where and why" of her complaint against Shaprio & Sutherland, the law firm that apparently represented Wells Fargo in the still-unidentified underlying litigation or foreclosure proceeding. However, instead of telling a coherent story, identifying the parties and the facts, she continues to use conclusory labels, accusations and legal citations and quotations that have no apparent connection to any plausible factual story.

McCracken has also attempted to add a host of new defendants (including this Court, for harming her by requiring an amended complaint) but there is no articulation of who they are or what they did, when, where, or why they did it, or with what actual, actionable effect on McCracken. Instead, there is page after page with passages like this:

## A a - THE *ALLEGED* "MORTGAGOR"

## in the name of

## NEW FREEDOM MORTGAGE;

## whose name appears on a bogus 'Mortgage Note'

## presented by Shapiro & Sutherland LLC,

## TO THE COURTS - Ω

## *OMEGA*

- a PROMPT EVIDENTIARY HEARING; *REQUIRED UPON REMOVAL* by TITLE 28 NECESSARY TO DECIDE ISSUES OF STANDING, SUBJECT MATTER & JURISDICTION IN 2012,
- a legal trial on the merits; as McCracken filed for bankruptcy protection 11 U.S. Code § 362 - Automatic stay on 07/22/2013 a day before the 07/23/2012 'kangaroo court' proceeding without a jury in US District Court of Oregon.
- WHERE, the demanded Jury was NOT present and DEFENDANT McCracken is not allowed by the court clerks to speak until after the Plaintiff was done,
- WHEN, a complete cross examination on the alleged "Expert witness" *alleged* to be an accountant / employee of WFBNA, as prevented/denied by Judge Panner,
- WHEN the court claims there is no record of the 07/23/2017 appearance in front of Judge Panner because it was done using skype for production of the video
- WHERE discovery, never conducted in any court,
- WHEN evidence of fraud; is never viewed by any judge or JURY
- WHERE STATE REAL ESTATE SETTLEMENT PROCEDURE LAWS ARE IGNORED BY THE PANNER COURT REFUSING TO APPLY *ERIE* DOCTRINE

> - Judge Panner's "judgement" is docketed 11/28/2013 without all of the above, *SUPRA;* ELEVEN *[11]* months after state statute of limitations to "Maintain" a foreclosure lawsuit has tolled, i.e., expiration of time under ORS 88.110
>
> Definition of the word, "MAINTAIN;"
>
> 1. verb
>
> cause or enable (a condition or state of affairs) to continue.
> "the need to maintain close links between industry and schools"
> synonyms: preserve, conserve, keep, retain, keep going, keep alive, keep up, prolong, perpetuate, sustain, carry on, continue
> "they wanted to maintain peace"
>
> Merriam-Webster
> Definition of MAINTAIN
> transitive verb
> 1 : to keep in an existing state (as of repair, efficiency, or validity) : preserve from failure or decline *maintain* machinery
> 2 : to sustain against opposition or danger : uphold and defend *maintain* a position
> 3 : to continue or persevere in : CARRY ON, KEEP UP

[Dkt. #21 at 50] The only thing that can be gleaned from this is that McCracken is objecting to Judge Panner's conduct in some other case. Labelling her claims "§1983 claims" does not change their essential character: she is seeking redress here for conduct that occurred in some other litigation.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint

is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

McCracken's proposed amended complaint is a significant step away from meeting this standard. It continues to avoid addressing why this Court has jurisdiction to reverse or undo a foreclosure that apparently already took place in Oregon. That foreclosure apparently already resulted in litigation and an adverse outcome there—possibly as early as 2011, though there are references to a 2017 decision, as well. It remains entirely unclear what the law firm representing Wells Fargo actually *factually* did or why it was actionable. Instead the complaint simply repeats that McCracken is the victim of fraud, elder abuse and the like. She claims the law firm obtained a judgment without first acquiring *in rem* jurisdiction, but as described above (and previously) this Court cannot and will not review or reverse other courts' decisions. The rest is largely

incomprehensible. There is no plausible claim ascertainable from McCracken's lengthy submittal, and the few facts that are alleged demonstrate that the claim is not viable in this Court.

The Motion for Leave to Proceed *in forma pauperis* based on this proposed amended complaint is therefore DENIED. McCracken shall pay the filing fee **within 21 days** or this matter will be DISMISSED. All other pending Motions (and "Notices" seeking or demanding various actions or acknowledgements) are DENIED.

IT IS SO ORDERED.

Dated this 26th day of December, 2017.

Ronald B. Leighton
United States District Judge