HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELLEN M MCCRACKEN,

        Plaintiff,

v.

SHAPIRO & SUTHERLAND LLC,

        Defendant.

CASE NO. C17-1596RBL

ORDER
[Dkt. #s 31, 32, 33, 34, 35, 36, 37, 38 & 39]

THIS MATTER is before the Court on nine motions filed by *pro se* Plaintiff McCracken:

- **"Motion for Temporary Restraining Order Against Defendant(s) Leighton And His Clerks Until Oral Argument Heard By Chief Judge Martinez" [Dkt. # 31].**

McCracken asks this Court to restrain itself from hearing any of the motions she has filed in this case until Judge Martinez can hear them, instead:

ORDER - 1

> **THIS IS A DEMAND TO CEASE AND DESIST ALL FURTHER HARASSMENT**
>
> THERE IS ORAL ARGUMENT REQUESTED OF THIS ISSUE
>
> IN FRONT
>
> OF
>
> **CHIEF JUDGE MARTINEZ**
>
> **PLEASE CONTAIN YOURSELVES UNTIL THIS ISSUE IS HEARD BY CHIEF JUDGE MARTINEZ**

[Dkt. #31 at 6]. But this case is not assigned to Judge Martinez, and there is no oral argument scheduled before him in this matter. McCracken's prior effort [Dkt. # 19] to force this Court to Recuse was denied [Dkt. # 20], and affirmed by Judge Martinez [Dkt. #25]. The Motion is frivolous and it is **DENIED**.

- **"Motion to Reassign Case" [Dkt. # 32].**

This is a variation on the same theme. McCracken argues that she is not asking the Court to recuse itself; she is instead notifying the Court that she has already determined that it is disqualified:

> - **NOTICE OF DISQUALIFICATION OF A JUDGE** is not a Motion to Recuse

[Dkt. # 32 at 1] But that is not how it works. A litigant does not get to choose which Judge is assigned to her case, and it is well-settled that judicial rulings alone "almost never" constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Nor is McCracken's strategy of suing the Court a legitimate basis for obtaining recusal or

disqualification. A judge is not disqualified merely because a litigant sues or threatens to sue him. Such an easy method for obtaining disqualification should not be encouraged or allowed. *See Ronwin v. State Bar of Arizona,* 686 F.2d 692, 701 (9th Cir.1981), *rev'd on other grounds sub nom. Hoover v. Ronwin,* 466 U.S. 558 (1984) (internal quotation marks and citations omitted). *See also U.S. v. Studley,* 783 F.2d 934, 939 (9th Cir.1986) (the alleged prejudice warranting recusal "must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal.")

The Motion to Reassign is **DENIED**.

- **"Motion to Expedite Emergency Appointment of Counsel in Criminal Matter" [Dkt. # 33]**

McCracken seeks the appointment of counsel, which has already been denied. [Dkt. #s 2, 16]. It is not clear what criminal matter she is referring to; she is the plaintiff in this civil case. If she is the defendant in a criminal case in some other court, her motion for the appointment of counsel should be addressed to that court. If she is referring to her repeated claim that the defendants in *this* case have committed fraud and other crimes, she is not entitled to an attorney to "prosecute" that criminal complaint for her. The Motion for Appointment of Counsel in this civil case is again **DENIED**.

- **"Motion to Place Entire Case Under Seal Due to Qui Tam False Claims Act" [Dkt. # 34]**

McCracken now claims that this is a qui tam case, and that an unnamed attorney told her that it must be placed under seal:

> McCracken was advised today 01/14/2017 by an unretained attorney that this QUI TAM case must be PLACED UNDER SEAL.

[Dkt. #34 at 1] McCracken's Amended Complaint does include the words "*qui tam*," and she does now claim she is suing Shapiro and Sutherland for back taxes. But false claims acts require far more than that, and, despite what the "unretained lawyer" told her, there is no reason to seal this case on this record. The Motion to Seal is **DENIED**.

- **"Motion to Change Venue For Cause/To many contacts with Tacoma and Defendants" [Dkt. # 35] and "Amended Motion to Change Venue from Tacoma to Seattle for Cause: Too Many contacts between Tacoma Court and Defendants Ronald B. Leighton, Clerks and Shapiro & Sutherland LLC" [Dkt. # 39]**

McCracken's initial Motion to Change Venue contains only the caption described above, and a citation to 28 U.S.C. § 1404. But nothing in that statue or the cases construing it hold or even suggest that "too many contacts" in the forum is a basis for a change in venue. Indeed, the opposite is true.

The Amended version is apparently based on the conduct of the Court:

> FORCING A VITIUM OF DISCRIMINATION
> TO CONTINUE TO INTERACT
> WITH HER ABUSERS
> BY FAILURE OF THE LEIGHTON COURT TO FOLLOW
> THE RULE OF LAW
> OR
> PRACTICE BASIC HUMAN DECENCY
> BY
> REPEATED IRRATIONAL PATTERN & PRACTICE OF
> HARRASMENT, INTERFERENCE & CORERSION
> WITH
> REPEATED THREAT TO SUMMARILY DISMISS
> IN VIOLATION OF CONSTITUTIONAL RIGHTS
> WHERE OFFICIALS *"ACTING UNDER COLOR OF LAW"*
> CONTINUE THE
> *"AIDING AND ABETTING OF FRAUD"*
>
> **NECESSITATING**
> **28 U.S. Code § 1404 - Change of venue**

[Dkt. # 39 at 2].

This is another claim that by ruling against McCracken, the Court has violated her rights in some actionable way, and that as a result the case should be moved to a different city. That position finds no support in the law cited, or in common sense. The Motion is DENIED.

- **"Motion for Judge Leighton to Recuse upon Disqualification due to Demonstrated Bias & Prejudice in Orders #17, 18, & 30"  [Dkt. #s 36 and 38]**

McCracken's most recent Motion(s) to Recuse contains only the caption described above, and a citation to 28 U.S.C. § 144[1]. She makes no effort to describe any basis for recusal, much less any *new* basis. McCracken's disagreement with the Court's rulings is not a valid basis for recusal, as the court has previously, repeatedly explained. The Motions are DENIED.

- **"Motion to Convene a Grand Jury for Review of Void Judgments, Fraud & Tax Evasion by Shapiro & Sutherland LLC" [Dkt. # 37]**

McCracken's 35 page Motion to Convene a Grand Jury is a cut and paste of the annotated version of Federal Rule of Criminal Procedure 6. It makes no attempt to tie the rule to any fact or allegation in this case. The public has no interest in convening a grand jury at the behest of a civil litigant. The Motion is **DENIED**.

**Each of the pending Motions is DENIED.**

McCracken is **WARNED** that similar frivolous, repeat filings will be summarily denied and may result in sanctions.

**IT IS SO ORDERED.**

Dated this 8th day of February, 2018.

Ronald B. Leighton
United States District Judge

---

[1] Dkt. # 38 is similar, but also references the fact that Judge Leighton is a defendant.